**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| MICHAEL PAUL MCDANIEL, | : | Civil Action No. 07-3205 (MLC) |
|  | : |  |
| Petitioner, | : |  |
|  | : | **O P I N I O N** |
| v. | : |  |
|  | : |  |
| NEW JERSEY STATE PAROLE | : |  |
| BOARD, et al., | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

---

**APPEARANCES:**

Michael Paul McDaniel, Pro Se, #408833
East Jersey State Prison

**COOPER, District Judge**

Petitioner applies for habeas corpus relief, pursuant to 28 U.S.C. § 2254.  The Court will dismiss this petition because Petitioner has failed to exhaust all available state remedies, as required under 28 U.S.C. § 2254(b)(1)(A).

BACKGROUND

Petitioner is a state prisoner confined at the East Jersey State Prison.  His petition neither challenges nor discloses the grounds for his conviction.[1]  Rather, Petitioner challenges his denial of parole by the state parole board rendered on March 13, 2007.

---

[1]  The petition indicates that Petitioner was convicted on April 11, 2004, and on June 5, 2006, and sentenced to the term of four years.

While Petitioner asserts that "parole should have been granted" to him, he expressly states that he did not appeal his denial of parole to the state courts.  He alleges that "exhaustion requirement does not apply" to his § 2254 petition.

## DISCUSSION

### A.   Pro Se Pleading

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Att'y Gen., 878 F.2d 714, 721-22 (3d Cir. 1989).

### B.   Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective."  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); see Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that precedent and statutes "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [the]

2

unexhausted claims to the [state's] courts").[2]  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Ct. of Com. Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

A petitioner must exhaust state remedies by presenting the federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust

_____

[2]  Exhaustion of remedies has been required for more than a century.  See Ex parte Royall, 117 U.S. 241 (1886).  In 1948, the exhaustion doctrine was codified at 28 U.S.C. § 2254, see Rose, 455 U.S. at 516-18, and the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act.

their claims] to file petitions for discretionary review when
that review is part of the ordinary appellate review procedure in
the State"); 28 U.S.C. § 2254(c) ("applicant shall not be deemed
to have exhausted the remedies available in the courts of the
State, within the meaning of this section, if he has the right
under the law of the State to raise, by any available procedure,
the question presented").  Once a petitioner's federal claims
have been fairly presented to the state's highest court, the
exhaustion requirement is satisfied.  See Picard, 404 U.S. at
275; Castille, 489 U.S. at 350.

     The petitioner generally bears the burden to prove all facts
establishing exhaustion.  See Toulson, 987 F.2d at 987.  Thus,
the claims heard by the state courts must be the "substantial
equivalent" of the claims asserted in the federal habeas
petition.  See Picard, 404 U.S. at 275.  Reliance on the same
constitutional provision is not sufficient; the legal theory and
factual predicate must also be the same.  See id. at 277.  Where
any available procedure remains for the applicant to raise the
question presented in the courts of the state, the applicant has
not exhausted the available remedies.  See 28 U.S.C. § 2254(c).

     The petition, on its face, shows that Petitioner has failed
to exhaust his state court remedies as to the challenged denial
of parole.  Thus, based on Petitioner's own admissions in his
application, it appears that none of the claims he now presents

4

have been either raised or fairly presented for state court review.  Therefore, Petitioner has failed to exhaust.

Petitioner also has not shown that there is an absence of available state process.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims."  Toulson, 987 F.2d at 987.  Petitioner is not prohibited from exhausting his claims in state court.

The Court will dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

5

constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

**CONCLUSION**

This Court finds that Petitioner has failed to exhaust his available state court remedies. The Court therefore will dismiss the § 2254 habeas petition without prejudice. No certificate of appealability shall issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2).

The Court will issue an appropriate order and judgment.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  October 17, 2007