**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL PAUL MCDANIEL,

        Petitioner,

   v.

NEW JERSEY STATE
PAROLE BOARD, et al.,

        Respondents.

Civil Action No. 07-3205 (MLC)

**MEMORANDUM ORDER**

It appearing that:

**1.** On July 10, 2007, Petitioner filed a pro se Petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254. See docket entry No. 1. The Petition challenged his denial of parole. See id.

**2.** On October 17, 2007, this Court issued an order and opinion dismissing the Petition without prejudice for failure to exhaust state remedies. See docket entries Nos. 3 and 4. The Court noted that: (a) the Petition expressly stated that Petitioner did not appeal his denial of parole to the state courts; and (b) there was no absence of state process to address his claims. See docket entry No. 3, at 2, 5.

**3.** Eight months later, on June 27, 2008, Petitioner moved for reconsideration of the Court's order dismissing the Petition. See docket entry No. 5. In his motion, Petitioner asserted that he "did in fact exhaust" state remedies. Id. at 1. In support of this assertion, Petitioner attached various documents. See id. at 2-43. These attachments are as follows:

**(a)** A copy of the Court's opinion, docket entry No. 3, where Petitioner entered marks indicating that Petitioner was convicted not on May 11, 2004, and on June 5, 2006, as his Petition suggested, but rather on June 27, 2001. See docket entry No. 5, at 3. Also, next to the Court's statement that "Petitioner challenges his denial of parole by the state parole board rendered on March 13, 2007," Petitioner entered a mark reading: "wrong too, 5-11-04 24 month hit by parole[;] 6-05-06  24 month hit by parole[;] 6-02-08  20 month hit by parole." Id. This statement indicated that the dates of May 11, 2004, and June 5, 2006, which the Petition designated as dates of Petitioner's conviction, were actually the dates when Petitioner was denied parole. This statement also indicated that Petitioner now added another challenge to his Petition, that is, a challenge to his denial of parole that took place on June 2, 2008, i.e., many months after the Petition was filed and dismissed by this Court.

**(b)** A copy of the decision rendered by the New Jersey Appellate Division on August 20, 2007, denying his motion to file an appeal. See docket entry No. 5, at 11 (referring to Appellate Division's docket number A-5791-06T3).

**(c)** A copy of the decision rendered by the Appellate Division on February 7, 2006, dismissing Petitioner's appeals as to Appellate Division's docket numbers A-791-06T3 and A-5346-06T2. See docket entry No. 5, at 12.

**(d)**  A notice of a state parole board decision, dated May 11, 2004.  See id. at 13.

**(e)**  A copy of Petitioner's submission to the parole board titled "Grievance," dated July 23, 2007.  See id. at 14-16.

**(f)**  A copy of a response by the parole board, dated March 15, 2007 (preceding Petitioner's "Grievance"), addressing Petitioner's appeal of denial of parole that was rendered on June 5, 2006.  See id. at 17-20.

**(g)**  A copy of a October 2, 2006, response by the parole board to Petitioner's appeal of a denial of parole that was rendered on June 5, 2006.  See docket entry No. 5, at 21.

**(h)**  Copies of Petitioner's judgment of conviction and indictment.  See id. at 22-27.

**(i)**  A copy of the Governor's denial of executive clemency, dated January 17, 2006.  See id. at 28.

**(j)**  A copy of a letter from the New Jersey Supreme Court notifying Petitioner that the court was in receipt of his complaint about the New Jersey State Parole Board, and would not intervene in Petitioner's matter.  See id. at 29.

**(k)**  A copy of another submission addressed to the parole board and titled "Grievance"; that submission is dated July 7, 2007.  See id. at 30.

**(l)**  A copy of the notice of docketing issued by the Appellate Division as to docket number A-5791-06T3.  See id. at 31.

**(m)** A copy of Petitioner's letter to the Ocean County Sheriff's Department, dated November 14, 2007, titled "Grievance Appeal" and disputing the Sheriff's statement that Petitioner should not be allowed to post bail. See id. at 32-33 (letter and envelope).[1]

**(n)** A copy of the parole board's determination rendered on November 9, 2000 (i.e., as to a conviction preceding the current one), granting Petitioner parole (seven months before Petitioner's current conviction). See id. at 34.

**(o)** A copy of a letter to the parole board executed by Joseph Michelini, Esq., of O'Malley, Surman & Michelini, "requesting that [Petitioner] be granted parole or release to the Ann Kleine Forensic Center for psychiatric treatment, should same be necessary, [since] a recent psychiatric evaluation has revealed a need for treatment." Id. at 36-37 (letter and cover sheet).

**(p)** A copy of the letter from the parole board, dated October 15, 2007, advising Petitioner that his request for enrollment in the Electronic Monitoring Program cannot be processed since Petitioner was not scheduled to be paroled. See id. at 38.

**(q)** Copies of this District's docket sheets in a civil action McDaniel v. New Jersey Parole Board, 08-978 (JAP), and in a matter opened by the New Jersey Superior Court directing transfer of a civil right action from the state court to this District. See id. at 39-42.

---

[1] The same document is replicated at page 35.

**4.** Local Civil Rule 7.1(i), which governs motions for reconsideration, see Bowers v. Nat'l. Collegiate Athletics Ass'n, 130 F.Supp.2d 610, 612 (D.N.J. 2001), states:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.

Petitioner's motion for reconsideration was filed eight months after the entry of the order being challenged. Therefore, Petitioner's motion should be denied as untimely. But this Court, being mindful of Petitioner's pro se status, will examine Petitioner's motion on the merits.

**5.** Reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999). Moreover, a motion for reconsideration may address only those matters of fact or issues of law that were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v.

Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, a motion for reconsideration is not to be used to expand the record to include matters not originally before the court.  See Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel & Casino, 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992); Egloff v. N.J. Air Nat'l Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration must demonstrate that evidence was unavailable or unknown at the time of the original motion.  See Levinson v. Regal Ware, No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *3 (D.N.J. Dec. 1, 1989).  Moreover, Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered.  See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the appellate process.  See Bowers, 130 F.Supp.2d at 612; Florham Park Chevron v. Chevron U.S.A., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyt. Med. Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Indus. v. Com. Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior

6

to the entry of judgment"). Thus, a motion for reconsideration "should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998).

**6.** Petitioner here raises new challenges as to his June 2, 2008, parole hearing, which took place eleven months after the filing of the Petition and eight months after this Court issued the order Petitioner is now challenging. This new claim cannot be asserted in this action, and will be dismissed without prejudice. See Bowers, 130 F.Supp.2d at 613; Resorts Int'l, 830 F.Supp. at 831 n. 3; Egloff, 684 F.Supp. at 1279.

**7.** Petitioner's request for reconsideration of the Court's order as to his May 11, 2004, and June 5, 2006, parole proceedings is without merit. The documents attached by Petitioner to his motion verify his challenges filed with the parole board, New Jersey Superior Court, and the Appellate Division. But the quantity of documents attached do not suggest that Petitioner duly exhausted any of his claims in the state courts.[2] As this Court already stated in this action:

> A petitioner must exhaust state remedies by presenting the federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See

---

[2] Petitioner's judgment of conviction, indictments, bail challenges, civil rights actions, applications for clemency, and administrative grievances have no bearing on exhaustion of state court remedies for the purposes of a § 2254 review.

> Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").

Docket entry No. 3, at 3-4.

It would appear from Petitioner's attachments here that he did not seek certification from the New Jersey Supreme Court as to the Appellate Division's affirmance of the parole board's findings. Thus, Petitioner's assertion raised in his motion for reconsideration, i.e., that he exhausted his state remedies, is not supported by the contents of his own submission. Thus, Petitioner failed to show that this Court's prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F.Supp.2d at 345. Similarly, Petitioner failed to assert an intervening change in the controlling law, or the availability of new evidence that was not available when the Court issued its order, or the need to correct a clear error of law or fact or to prevent manifest injustice. See Max's Seafood Café, 176 F.3d at 677. Therefore, the allegations made in his motion do not warrant reconsideration of the Court's order dismissing the Petition for failure to exhaust state remedies. Moreover, the

clarifications of Petitioner's claims, as evidenced by the attachments to his motion (and by the entries he made on a copy of this Court's order) indicate that the Petition unduly conflates two individual challenges into one application, and suggest that Petitioner's challenges are time-barred.[3]  For good cause appearing:

---

[3]  A different challenge must be raised in a separate petition; a petitioner seeking relief from different judgments must file a separate petition for each judgment. See Habeas Rule 2(e). Petitioner cannot challenge his May 11, 2004, denial of parole and June 5, 2006, denial of parole in the same action.

The limitations period runs from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court judgment becomes "final" by the conclusion of direct review or the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S.Sup.Ct.R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Therefore, for the purposes of Petitioner's challenges to a particular parole decision, the period of limitations expired one year after that decision became final.

**IT IS THEREFORE** on this     2nd     day of October, 2008, **ORDERED** that Petitioner's motion for reconsideration (dkt. entry no. 5) is **GRANTED** to the extent that this Court addressed Petitioner's motion on the merits;[4] and it is further

**ORDERED** that the Petition (dkt. entry no. 1) is **DISMISSED WITHOUT PREJUDICE**, for failure to exhaust state court remedies and for failure to meet requirements of Habeas Rule 2(e); and it is further

**ORDERED** that the Clerk shall (1) serve a copy of this Memorandum Order upon Petitioner by regular mail, (2) designate the action as **CLOSED.**

                                    s/ Mary L. Cooper
                                    **MARY L. COOPER**
                                    United States District Judge

---

[4] See Pena-Ruiz v. Solorzano, 281 Fed.Appx. 110, 111 n.1 (3d Cir. 2008) (clarifying that district court's reconsideration of previous decision qualifies as grant of motion for reconsideration, regardless of whether district court arrives, upon such reconsideration, at conclusions substantively identical to or different from those previously reached).